## UNITED STATES ex rel. DETLING v. WORK, Secretary of the Interior.

Court of Appeals of District of Columbia. Submitted March 7, 1927.   Decided April 4, 1927.

No. 4532.

Mandamus ⬦105—Ruling denying unenrolled quarter-blood Minnesota Chippewa right to participate in statutory annuities held not arbitrary or capricious, nor reviewable in mandamus (Act Jan. 14, 1889 [25 Stat. 642]).

Decision of Secretary of the Interior, denying one able to prove that she was quarter-blood Chippewa Indian of Minnesota, but who was never enrolled as member of any tribe, right to participate in annuities payable under Act Jan. 14, 1889 (25 Stat. 642), *held* neither arbitrary nor capricious, and hence not reviewable in mandamus proceeding to compel payment of accrued annuities.

Appeal from Supreme Court of the District of Columbia.

Action for mandamus by the United States, on the relation of Agnes V. Detling, against Hubert Work, Secretary of the Interior.  Judgment for defendant, and relator appeals.  Affirmed.

Dennison Wheelock, of Washington, D. C., for appellant.

O. H. Graves, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice.  Appeal from a judgment of the Supreme Court of the District of Columbia denying appellant's petition for mandamus to direct the Secretary of the Interior to pay appellant alleged accrued annuities under the Act of January 14, 1889, 25 Stat. 642.

The case was disposed of under an agreed statement of facts, from which it appears that the plaintiff, appellant here, is a citizen of the United States and resided in the state of Minnesota prior to the passage of the act of 1889, and has since continued to reside in that state. The stipulation further recites that "the plaintiff is able to prove by competent testimony that her forbears were of such degrees of Chippewa Indian blood that her personal status is approximately one-fourth degree Chippewa Indian." Plaintiff never has been enrolled with any tribe of Indians, and the application of her father to participate in the benefits of the act of 1889 was rejected by the Secretary of the Interior.

The Secretary has found that plaintiff is not a Chippewa Indian, within the meaning of the act of 1889. It is apparent, from the somewhat meager statment of facts, that this was a question the Secretary was called upon to determine. The mere fact that plaintiff's "personal status is approximately one-fourth degree Chippewa Indian" is not, of itself, conclusive, and the record fails to disclose any basis for the contention that the decision of the Secretary was either arbitrary or capricious.

For the reasons set forth in our opinion in the preceding appeal (No. 4531, U. S. ex rel. Coburn v. Work, —— App. D. C. ——, 18 F.[2d] 822, just decided), the judgment is affirmed, with costs.

Affirmed.